ALMA GARDNER, RESPONDENT, v. G. HOWARD MITCHELL, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, APPELLANT.

Submitted June 26, 1930—Decided February 2, 1931.

312

.

For the respondent, *John E. Toolan.*

For the appellant, *Ackerson & Van Buskirk* (*Cecil S. Ackerson,* on the brief).

The opinion of the court was delivered by

CASE, J. This is an appeal from a judgment in the Supreme Court entered on a jury verdict in favor of the plaintiff for personal injuries suffered by her in an amusement resort at Ocean Grove. Appellant's first point is that the trial court erred in denying the motions for a nonsuit and for the direction of a verdict in favor of the defendant. We shall proceed to consider the motion for a direction of verdict as that is the inclusive reason under this point.

Plaintiff, with a girl relative, entered defendant's premises and got into a contrivance known as a "Dodgem." The device consists of a small circular car operated by the rider and propelled by electric current which, from a network of wires forming the ceiling, is carried through a pole affixed to the car. The occupants of the car have control of direction but not of speed. The mechanism is such that the cars cannot move at a greater speed than six or seven miles per hour. There is a pedal by which an occupant, by appropriate pressure, may put the car in motion or bring it to a dead stop. Subject to this individual control all cars start at the same time and move at approximately the same speed. When the ride, which lasts three minutes, is over, the power is thrown off and all the cars, of necessity, stop. Each car has a large rubber bumper five and one-half to six inches in diameter around the outside as a protection against too forceful collision. The car is arranged for two passengers, and the pole, with a rubber covering three-eighths inch in thickness, is in the center on a barricade two and one-half inches back of the back of the car. The distance from the pole to the outer edge of the bumper is nine inches. The use of the cars involve something of a game which consists

of bumping into other cars and, as the name of the contrivance indicates, of attempting to dodge from the bumps of other cars. The defendant's resort was then operating its first season and amongst its approximately one hundred and thirty-six thousand patrons had not had a single accident.

The plaintiff and her friend entered the premises while the cars were in motion and, when the latter came to a stop, entered one of them and had a three-minute ride with no untoward consequence, although there was the usual dodging and bumping. The cars then came to a stop and plaintiff could have discontinued the ride but did not do so. In due course the cars were again put in motion, and during the period of this activity the car in which plaintiff was riding was bumped by another car, causing a hurt to plaintiff's head and arm. It is suggested that the injury was caused by plaintiff's head being thrown against either the pole of plaintiff's car or that of the colliding car. However, the incident seems to have passed without special notice, as plaintiff continued her ride to its finish and no complaint was made by her or her friend, or by her father, mother and another relative who were standing at the rail looking on. The incident was in no way called to the attention of the management until two months later.

The complaint broadly alleges negligence by the defendant in failing to warn the plaintiff of any latent or inherent danger, in failing to supervise and control the device with proper skill and caution, in failing to provide proper padding or upholstery, in failing to provide proper guards to supervise the operation of the device, in failing to properly supervise patrons recklessly and carelessly operating cars, in failing to lodge and seat plaintiff safely and securely in the vehicle, and in general language, but without specification, of neglecting to take proper caution to protect and safeguard the invitees. It is rather difficult to ascertain exactly on what the plaintiff relies. There does not appear to have been any latent danger or any inherent danger that was not obvious to the plaintiff; nor is it apparent that there was any negligence in supervising or controlling the device in

so far as the defendant was responsible for such control. The equipment was standard equipment, purchased from the Dodgem Corporation of Massachusetts, the manufacturer, and was in general use and of the same type as used in all "Dodgem" places. Employes of the defendant were on the premises and in the performance of their duties. There is no evidence of reckless or careless operating of cars by other patrons except in so far as plaintiff's friend testifies that there were two boys in another car who were bumping people generally and, to use her language, "I turned my head suddenly and saw these two boys coming right toward the back of my car, and they did, and as they came near my car they turned the back of their car to the back of mine and bumped it real hard, and then the force pushed my car and their car in different directions, and then their car rebounded back to my car." Having regard for the function of the resort, for the specific use for which the cars were intended and for the purpose with which plaintiff and other patrons were using the cars, we find no such reckless or careless operation by the boys of their car as to charge the defendant with failure of its duty in respect thereto. The cars were all moving in the same general direction and, as already noted, the car which made collision with plaintiff came from the rear and not head-on.

The allegation of failure to provide proper equipment must, of course, be followed by proof. *Fenner* v. *Atlantic Amusement Co.*, 84 *N. J. L.* 691. The mere happening of an accident to plaintiff was not such proof. Negligence is a fact which must be proved; it will not be presumed. *McCombe* v. *Public Service Railway Co.* 95 *Id.* 187; *Donus* v. *Public Service Railway Co.*, 102 *Id.* 644. The apparatus was one in common use and was purchased only a few months before from a reputable and experienced manufacturer. *Bauman* v. *Cowdin*, 75 *Id.* 193; 76 *Id.* 575. There is neither allegation nor proof that the defendant had failed to keep the equipment in proper repair.

It was for the thrill of bumping and of the escape from being bumped that plaintiff entered the contrivance and re-

mained there after opportunity for exit had occurred. The chance of a collision was that which gave zest to the game upon which plaintiff had entered. She willingly exposed herself to the contingency of a collision. It is an ancient maxim that that to which a person assents is not esteemed in law an injury; or, in more technical language, *volenti non fit injuria*. *Dowd* v. *Erie Railroad Co.*, 70 *N. J. L.* 451. As has been said, "one who takes part in such a sport accepts the dangers that inhere in it so far as they are obvious and necessary, just as a fencer accepts the risk of a thrust by his antagonist or a spectator at a ball game the chance of contact with the ball." *Murphy* v. *Steeplechase Amusement Co., Inc.* (*New York Court of Appeals*), 166 *N. E. Rep.* 173. The plaintiff entered upon the venture against the advice of her father. That the incident was not accompanied by gross abuse by other patrons or serious omission by employes of the establishment is indicated by the departure of the plaintiff and her party from the premises without making complaint or criticism of any character.

The plaintiff failed to make out a case. The defendant's motion for direction of verdict should have been granted.

We have examined the remaining points presented by the appellant and find no error therein.

The judgment below should be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.