JULIA CONNOLLY, RESPONDENT, v. PALISADES REALTY AND AMUSEMENT COMPANY, APPELLANT.

RITA FRAZIER, RESPONDENT, v. PALISADES REALTY AND AMUSEMENT COMPANY, APPELLANT.

Submitted May 12, 1933—Decided October 3, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Walter W. Hubley, Jr.* (*William P. Braun,* of counsel).

For the respondents, *Thomas J. Stanton.*

PER CURIAM.

These cases were instituted to recover damages for personal injuries received by plaintiffs while availing themselves of an amusement in the defendant's park, such injuries being alleged to be due to its negligence. Judgments were accorded the plaintiffs and the defendant appeals alleging that there should have been a nonsuit because (1) there was no proof of negligence; and (2) there was no proof that the park was operated by the defendant.

The plaintiffs entered a building in the defendant's park and took a ride on one of a number of small cars known as "Dodge Em" cars. These are small cars bound around the edges with rubber and intended to be operated by the patron through electric current transmitted from wires overhead.

The object of this type of amusement is that the patron

may ride around the enclosure, bumping into and being bumped into by other cars, following, however, certain arrows marked for direction, and observing posted signs prohibiting head-on collisions.

The plaintiffs' proofs tended to show that two different parties, each occupying a similar car were on the floor and that they were repeatedly bumping into the plaintiffs' car and coming from a direction different from that indicated by the arrows; that under these circumstances the plaintiffs repeatedly appealed to the attendants on the floor for protection but were only laughed at. Finally they were struck with such force from in front that they were both injured, and the present actions resulted.

The defendant urges in support of the motions for nonsuit that there was no proof of negligence and that it was not proved that the appellant operated the park.

In the case of *Gardner* v. *G. Howard Mitchell, Inc.,* 107 *N. J. L.* 311; 153 *Atl. Rep.* 607, it was held that when a person enters into a sport of this sort he takes the chance of injury through its normal operation. He does not, however, take the chance of conduct endangering the safety of its patrons if such conduct is in violation of the rules governing the sport and within the knowledge and control of those in charge of the amusement.

While the proofs showed that the movement of each individual car was controlled by its occupants they also showed that the entire power of the operation of all the cars could be shut of by the attendant in charge. Under the proofs it could be inferred that the plaintiffs were subject to bumping in violation of the rules with the knowledge and without the interference of the attendants, and that finally this resulted in the severe collision which caused the injuries. Such obviously was not a risk assumed by plaintiffs when they entered the car.

On the second point as to the responsibility for the operation of the park, it is sufficient to say that this point was not raised in the trial of the case and cannot be considered here.

The judgments are affirmed, with costs.